Filed 2/11/16  P. v. Rogers CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>KEVIN ROGERS,<br><br>    Defendant and Appellant. | H042120<br>(Monterey County<br> Super. Ct. Nos. SS110022A,<br> SS110099B, SS130495A) |

Pursuant to a plea agreement that resolved three separate cases, defendant Kevin Rogers pleaded guilty to carrying a loaded firearm (Pen. Code, former § 12031, subd. (a)(1)),[1] two counts of voluntary manslaughter (§ 192, subd. (a)), and solicitation of murder (§ 653f, subd. (b)).  Defendant also admitted that he had a prior serious felony conviction (§ 667, subd. (a)(1)), which qualified as a strike (§§ 667, subds. (b)-(i), 1170.12), that he personally used a firearm in the commission of one of the voluntary manslaughter counts (§ 12022.5, subd. (a)), that the firearm he carried was stolen (former § 12031, subd. (a)(2)(B)), and that he committed the firearm offense and one of the voluntary manslaughter counts for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)).  In accordance with the terms of the plea agreement, the trial court imposed a prison term of 63 years.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

On appeal, defendant's appointed counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 that states the case and facts, but raises no issue. We notified defendant of his right to submit written argument on his own behalf within 30 days. The 30-day period has elapsed and we have received no response from defendant.

Pursuant to *People v. Wende, supra,* 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Cal.4th 106, we have reviewed the entire record. Following the California Supreme Court's direction in *People v. Kelly, supra,* at page 110, we provide a brief description of the facts and the procedural history of the case.

## FACTUAL AND PROCEDURAL BACKGROUND

### A.     *Case No. SS130495A*

On April 28, 2010, Salinas police officers responded to a report of shots fired and found the victim lying on the ground at an apartment complex. The victim had been shot in the face, chest, and arms, and he died after being transported to the hospital. Witnesses reported having seen the victim interacting with another black male prior to the shooting at a nearby apartment. Police found defendant at that apartment and arrested him, but he was apparently not charged at that time.

Defendant was eventually charged with murder (§ 187, subd. (a); count 1) and voluntary manslaughter (§ 192, subd. (a); count 2). The complaint alleged that defendant committed both offenses for the benefit of, at the direction of, or in association with a criminal street gang (§ 186.22, subd. (b)(1)), that defendant personally used a firearm in the commission of both offenses (§ 12022.5, subd. (a)), and that defendant had a prior conviction that qualified as a strike (§ 1170.12, subd. (c)(1)).

Defendant subsequently pleaded guilty to the voluntary manslaughter charge (count 2) and admitted the gang, firearm use, and strike allegations.

2

**B.** **Case No. SS110099B**

On December 16, 2010, Monterey County Sheriff's Deputies found an 18-year-old shooting victim, who was pronounced dead at the scene. A witness subsequently came forward and identified defendant (aka "Sleepy G") and Edmund Pulido, Jr. as having been the shooters.

On March 3, 2011, a Salinas Police officer obtained a copy of a recorded jail call among defendant and three other individuals. During the call, defendant told one of the individuals to be "ready" for a call and referred to finding out "where the bitch stays." Defendant's girlfriend listened to the call and indicated she believed that defendant was ordering that she be killed. Defendant's girlfriend had reneged on a promise to take the blame for a stolen vehicle incident, and she knew that defendant had committed the December 16, 2010 homicide.

In an amended information, defendant was charged with murder (§ 187, subd. (a); count 1), active participation in a criminal street gang (§ 186.22, subd. (a); count 2), conspiracy (§ 182, subd. (a)(1); count 3), dissuading a witness by force or threat (§ 136.1, subd. (c)(1); count 4), solicitation of murder (§ 653f, subd. (b); count 5), and voluntary manslaughter (§ 192, subd. (a); count 6). The amended information alleged that defendant committed all of the offenses, except for count 2, for the benefit of, at the direction of, or in association with a criminal street gang (§ 186.22, subd. (b)(1)), and that defendant had a prior serious felony conviction (§ 667, subd. (a)(1)) that qualified as a strike (§ 1170.12, subd. (c)(1)).

Defendant subsequently pleaded guilty to solicitation of murder (count 5) and voluntary manslaughter (count 6), and he admitted the prior serious felony and strike allegations.

3

## C. Case No. SS110022A

Defendant was arrested on December 31, 2010, after police found him in a stolen vehicle with his girlfriend. A stolen, loaded revolver was found in the vehicle. Defendant had numerous gang-related tattoos at the time of his arrest.

In an amended information, defendant was charged with carrying a loaded firearm (former § 12031, subd. (a)(1); count 1), with an allegation that he had a prior conviction of carrying a loaded firearm (*id.*, subd. (a)(2)(A)), an allegation that the firearm was stolen (*id.*, subd. (a)(2)(B)), an allegation that defendant was an active participant in a criminal street gang during the offense (*id.*, subd. (a)(2)(C)), and an allegation that defendant committed the offense for the benefit of, at the direction of, or in association with a criminal street gang (§ 186.22, subd. (b)(1)). Defendant was also charged with being a felon in possession of a firearm (former § 12021, subd. (a)(1); count 2), driving or taking a vehicle (Veh. Code, § 10851, subd. (a); count 4), receiving stolen property (§ 496, subd. (a); count 5), having a concealed firearm in a vehicle (former § 12025, subd. (a)(1); count 6), active participation in a criminal street gang (§ 186.22, subd. (a); count 7), and resisting arrest (§ 148, subd. (a)(1); count 8). The amended information included a number of additional allegations as to those counts, and it alleged that defendant had served a prior prison term (§ 667.5, subd. (b)) and that he had a prior conviction that qualified as a strike (§ 1170.12, subd. (c)(1)).

Defendant subsequently pleaded guilty to carrying a loaded firearm (count 1) and admitted the associated gang allegation.

## D. Plea Agreement and Sentencing

Defendant's plea agreement, which resolved all three cases, provided that he would receive a 63-year prison term, comprised as follows. In case No. SS130495A, a 22-year term for the voluntary manslaughter, a consecutive 10-year term for the gang enhancement, and a consecutive 10-year term for the firearm use allegation. In case No. SS110099B, a consecutive four-year term for the voluntary manslaughter, a

4

consecutive 12-year term for the solicitation of murder, and a consecutive five-year term for the prior serious felony allegation. In case No. SS110022A, a concurrent six-year term for carrying a loaded firearm and a concurrent three-year term for the gang allegation.

In his plea agreement, defendant agreed to give up "all my rights regarding both state and federal writs and appeals," specifying that "[t]his includes, but is not limited to, the right to appeal my conviction, the judgment, sentence, and any other orders previously issued by this court or any other court, state or federal, in connection with this case." Defendant also acknowledged in open court that he was giving up his "rights to writs and appeals" as to all three cases.

At defendant's sentencing hearing, held on January 10, 2014, the trial court imposed a 63-year sentence in accordance with the terms of the plea agreement. The trial court imposed a $10,000 restitution fine (§ 1202.4, subd. (b)) in case No. SS130495A, a $10,000 restitution fine in case No. SS110099B, and a $1,800 restitution fine in case No. SS110022A.

In case No. SS130495A, the trial court ordered victim restitution (§ 1202.4, subd. (f)) of $7,500 to the California Victims Compensation Board for funeral/burial expenses and $396.60 to the shooting victim's mother for the cost of her airline flight to attend the sentencing hearing, with additional restitution to be determined.

In case No. SS110099B, the trial court ordered victim restitution of $9,500 to the California Victims Compensation Board, which included $7,500 for the cost of the shooting victim's burial and $2,000 for the cost to relocate the family of the shooting victim, and it ordered victim restitution to the family of the shooting victim and to the solicitation victim in amounts to be determined.

In case No. SS110022A, the trial court imposed victim restitution to the stolen vehicle owner in an amount to be determined.

5

*E.    Appellate Proceedings*

On May 30, 2014, the trial court received a notice of appeal from defendant dated May 23, 2014, which included a request for certificate of probable cause.  In the certificate of probable cause, defendant noted that he had been ordered to pay victim restitution but was not "given an opportunity to proceed with a restitution hearing."

On March 24, 2015, defendant filed a motion for relief from default for failure to timely file a notice of appeal.  In his motion, defendant noted that, "[r]ecognizing the scope of the waiver of his appellate rights, defendant seeks only to challenge the restitution order and other fines and fees not encompassed by the plea agreement."

This court granted defendant's motion for relief from default for failure to timely file a notice of appeal on June 18, 2015, and defendant filed a notice of appeal on June 23, 2015.

## DISCUSSION

Having carefully reviewed the entire record, we conclude that there are no arguable issues on appeal.  (*People v. Wende*, *supra*, 25 Cal.3d at pp. 441-443.)

## DISPOSITION

The judgment is affirmed.

_____

BAMATTRE-MANOUKIAN, J.

WE CONCUR:

_____

ELIA, ACTING P.J.

_____

MIHARA, J.

*People v. Rogers*
**H042120**